## LACKAWAXEN TURNPIKE CO. *v.* The COMMONWEALTH.

Where the form of proceedings to compel a turnpike company to keep its road in repair, is prescribed in the act of incorporation, by reference to another act of Assembly—they are not affected by a subsequent repeal of the act referred to. Nor by an alteration made in the form of proceedings by an act of Assembly, passed after judgment obtained in the proceedings under the old form.

CERTIORARI to Wayne county.

*July* 12. This was a proceeding by an inquest, before a justice of the peace, to inquire whether the road of the Turnpike Company,

defendants, was out of repair. The only material question was, whether the form of proceeding had been altered by act of Assembly.

The act of 1804, incorporating the Coshecton Turnpike Company, directed the form of proceedings in such a case.

The act of 1828, p. 17, incorporating the defendants, made them liable to the duties and penalties provided in the act of 1804, by a reference thereto. The act of 1830, p. 319, repealed the act of 1804, and directed a new form for proceeding against the Coshecton Company.

The present proceeding was perfected by the inquisition in December, 1847. A certiorari was then issued. The act of 1848, p. 437, repealed the act of 1828, and supplied a new form of proceeding.

The question was, whether the proceedings were *coram non judice*.

*Wheeler*, for plaintiff in error.

*Collins*, contrà.

PER CURIAM.—The proceedings in this case are a virtual compliance with the act of incorporation, which was not affected by subsequent alterations of other acts which had become part of it by reference. The whole road is within the county of Wayne, and the parts of it out of repair are sufficiently specified.

Proceedings affirmed.